**LEE TRAN & LIANG LLP**
Steven C. Gonzalez (Bar No. 191756)
 Steven.Gonzalez@ltlattorneys.com
Danielle R. Claxton (Bar No. 272003)
 Danielle.Claxton@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant
Home Depot U.S.A., Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LYNNDAL BOWERS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, U.S.A., INC., a Delaware corporation doing business in California; Gladis Melendez; Lawrence Cook, an individual; and DOES 1 through 50,<br><br>Defendants. | CASE NO.: 5:15-cv-00914-VAP(KKx)<br>*[Assigned to the Honorable Virginia A. Phillips]*<br><br>[PROPOSED] **PROTECTIVE ORDER**<br><br>Removal: May 8, 2015<br>Trial: January 22, 2016 |

CONFIDENTIALITY ORDER

GOOD CAUSE APPEARING, the Court hereby approves the Stipulation regarding Confidentiality Order and HEREBY ORDERS THAT:

1. This action is likely to involve personnel records, medical records, trade secrets, data, and other valuable research, development, commercial, financial, strategic, and/ or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business of financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that documents or information will not be designated as "Confidential Information" for tactical reasons and that nothing be so designated without a good faith belief that is has been maintained in a confidential, non-public manner, it is entitled to confidentiality under the terms of this Order, and there is good cause why it should not be part of the public record of this case.

2. For purposes of this Order, "Confidential Information" means:

a)      any personnel or personal information for employees of Home Depot, its parent or subsidiaries, including any personnel database identifying such employees;

b)      any document or information designated as confidential in accordance with paragraph 6 of this Order; and

c)      any aggregation of Confidential Information.

The identification of an individual document or category of documents or information as Confidential Information under paragraphs 2(b) or 2(c) may be challenged pursuant to paragraph 11 of this Order.

3.      For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

4.      For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5.      For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6.      A. The Producing Party may designate as Confidential Information any information it believes to be confidential, including, without limitation:

a)      non-public information about a past, present or potential employee of Home Depot or a subsidiary, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals; and

b)  trade secrets or other non-public proprietary, strategic or commercial information, data or research of Home Depot or one or more of its subsidiaries.

7.  To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall:

a)  make an oral statement to that effect on the record; or

b)  notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

8.  The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

a)  named plaintiffs, in accordance with the procedures set forth in paragraph 8 of this Order;

b)  the Court and its officers (including court reporters);

c)  counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

d)  Home Depot's or its subsidiaries' or affiliates' in-house counsel;

e)  experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein; or

f)  fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 8 of this Order.

3

[PROPOSED] PROTECTIVE ORDER

9.     The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 8(a) or 8(f), of this Order only under the conditions set forth below:

    a)     Prior to disclosure of Confidential Information to persons described in paragraphs 8(a) or 8(f), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

    b)     Any person who receives Confidential Information pursuant to paragraphs 8(a) or 8(f), shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and the Parties upon reasonable notice.

    c)     The Recipient who discloses Confidential Information pursuant to paragraphs 8(a) or 8(f), shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

10.     Any use of Confidential Information at trial or other court hearings or proceedings shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Information at trial or other court hearings or proceedings.

11.     In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the Parties shall meet and confer, pursuant to Civil Local Rule 37-1, to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Parties shall formulate a written Joint Stipulation pursuant to Civil Local Rule 37-2 et seq. The

[PROPOSED] PROTECTIVE ORDER

1   Joint Stipulation shall be filed and served with a Notice of Motion.  In connection

2   with such a motion, the Producing Party shall bear the burden to show that the

3   information is entitled to continued protection under applicable law. During the

4   pendency of such dispute or motion, and until the court may rule otherwise, the

5   information designated Confidential Information shall remain subject to the

6   designations and restrictions of this Order.

7        12.    Inadvertent failure to designate Confidential Information shall not be

8   construed as a waiver, in whole or in part, and may be corrected by the Producing

9   Party by written notification to the Recipient promptly upon discovery of the failure

10  to designate.

11       13.    All information obtained by a Recipient in discovery in this litigation,

12  regardless of whether it is Confidential Information, shall be used by the Recipient

13  solely for the prosecution or defense of the claims in this litigation, and shall not be

14  used by the Recipient in any other legal action, or for any business, commercial,

15  competitive, personal, publicity, media or other purpose, except: purpose, except:

16       a)     Nothing herein shall preclude Home Depot (or a subsidiary of it) from

17              pursuing legal or other business action in discovered instances of

18              misconduct as to its own employees or ensuring that its employees are

19              acting in accordance with the law.

20       b)     Nothing herein shall be construed as authorizing or encouraging a party

21              to disobey a lawful subpoena or court order issued in another action.

22       c)     Nothing herein shall preclude a judge of any other proceeding from

23              making orders governing the use of such information in a hearing or

24              proceeding over which the judge presides.

25       No Recipient or other person to whom Confidential Information is disclosed

26  shall copy, transcribe, or otherwise reproduce in written or any other form any part

27  or portion of any Confidential Information except as necessary for purposes of the

28  litigation.

[PROPOSED] PROTECTIVE ORDER

14.     Within fifteen (15) business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

15.     Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. A party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.  Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. If a party's request to file Confidential Information under seal is denied by the court, then the Recipient may file the information in the public record unless otherwise instructed by the court.

16.     Prior to filing any Confidential Information, and any pleadings, motions, or other papers filed containing such information with the Court, the party shall present a written application and a proposed order to the judge, along with the documents submitted for filing under seal. Where possible, the Parties should seek to file with the Court under seal only the portions of filings containing Confidential Information.

17.     The restrictions set forth in this Order shall not apply to:

a)     information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order;

b)     Home Depot (or its subsidiaries), with respect to its own information or information received or created during the normal course of its own business; or

[PROPOSED] PROTECTIVE ORDER

c)      the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential shall be determined according to the standards and procedures set forth in paragraphs 2 through 12 of this Order. The owner of Confidential Information shall be able to seek protection of that information in accordance with paragraph 6 of this Order even if it did not produce that information in discovery.

18.    Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

19.    Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the Parties from objecting to the admissibility or use of Confidential Information.

20.    In the event plaintiffs or their counsel obtain information of Home Depot's (or its subsidiaries) from a third party that Home Depot believes is confidential, Home Depot may designate such information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

21.    If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the

[PROPOSED] PROTECTIVE ORDER

1  Producing Party of all pertinent facts relating to such disclosure and, without
2  prejudice to other rights and remedies of the Producing Party, make every effort to
3  prevent further disclosure by the Recipient or by the person to whom the Recipient
4  disclosed such information.

5      22.    The Court shall retain jurisdiction, both before and after the entry of
6  final judgment in this case, whether by settlement or adjudication, to construe,
7  enforce, and amend the provisions of this Order.

8

9  _____
10  Hon. Kenly Kiya Kato
   United States Magistrate Judge

11

12  Dated:   August 4, 2015 _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER

## EXHIBIT A

**AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

The undersigned hereby acknowledges that he/she has read the Confidentiality Protective Order ("Order") in *Bowers v. Home Depot U.S.A., Inc., et al.*, Case No. 5:15-cv-00914-VAP(KKx), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court, Central District of California – Eastern Division, for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

DATED: _____

BY:   (Sign) _____

(Print) _____

(Name of Employer) _____

[PROPOSED] PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA)**
**COUNTY OF LOS ANGELES)**

      I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made.  My business address is 601 S. Figueroa Street, Suite 3900, Los Angeles, CA 90017

      On **August 03, 2015**, I served the foregoing document(s) described as: **[PROPOSED] PROTECTIVE ORDER** on the interested parties in this action.

R. Scott Johnson                                  *Attorneys for Plaintiff Lynndal Bowers*
Nancy Luke
JOHNSON CEBULA, APC
115 Pine Avenue, Suite 310
Long Beach, CA 90802-446
Tel: (562) 437-0307
Fax: (562) 495-1894
Email: rsjohnson@jcrlawyers.com
Email: nluke@jcrlawyers.com

**[X]**    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

Executed on **August 03, 2015**, at Los Angeles, California.

| | |
|---|---|
| Erik Jimenez Rodriguez | /s/ Erik Jimenez Rodriguez |
| *Print Name* | *Signature* |